**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JUAN MARCUS ROBERSON,** | **)** | |
| **AIS #328869,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 1:25-cv-650-MHT-CWB** |
| | **)** | |
| **HOUSTON COUNTY CIRCUIT COURT,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a *pro se* inmate, initiated this action on August 18, 2025 to assert claims under 42 U.S.C. § 1983. (*See* Doc. 1). By Order entered October 29, 2025, Plaintiff was informed that his allegations were deficient and that he must submit an Amended Complaint no later than November 19, 2025. (*See* Doc. 6). Plaintiff further was cautioned that his failure to amend "**will result in a recommendation that this action be dismissed in its entirety**." (*Id*. at p. 3) (emphasis in original). The mailing from the clerk's office was returned undeliverable, however, on November 12, 2025. (*See* Doc. 7). The court then entered an Order on December 1, 2025 informing Plaintiff that he must provide an updated address no later than December 22, 2025. (*See* Doc. 8). Plaintiff again was cautioned that "**a failure to respond to this Order will result in a dismissal of this action in its entirety**." (*Id*. at p. 2) (emphasis in original). Nonetheless, Plaintiff failed to comply or take any other action by the imposed deadline.

Plaintiff was provided yet another opportunity on January 20, 2026 when he was given through February 9, 2026 to submit his Amended Complaint. (*See* Doc. 11). And Plaintiff was "**expressly cautioned that this is a final opportunity for compliance and that his further nonaction will result in a recommendation of dismissal**." (*Id*.) (emphasis in original).

1

A court "may ... dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306-07 (11th Cir. 2025) (cleaned up); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).  A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306; *see also Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam)  (stating that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice").  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo*, 864 F.2d at 102 (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (emphasis omitted)).  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe."  *McNair*, 143 F.4th at 1306 (emphasis in original).  For the reasons set forth above, the Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice.[1]

---

[1]  It is noted that a dismissal with prejudice would be equally warranted—as the Magistrate Judge finds that Plaintiff's failure to comply with the court's directives or otherwise respond constitutes a clear record of delay and/or willful contempt and that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Plaintiff failed to take any action despite being informed of his pleading deficiencies, despite being afforded multiple opportunities to cure, and despite being warned about the potential for dismissal if he failed to act.  There is no indication in the record that Plaintiff did not receive the court's final two such notices.  (*See* Docs. 8 & 11).

It is **ORDERED** that all objections to this Recommendation must be filed no later than **March 4, 2026**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 18th day of February 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3